Jose Montalvo
CDCR No. P60879
480 Alta Road
San Diego, Ca. 92179



**FILED**

Feb 21 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ JenniferS    DEPUTY

**PLAINTIFF IN PRO SE**

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTALVO,<br><br>        Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, SECRETARY, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION;<br><br>KATHLEEN ALLISON, DIRECTOR, DIVISION OF ADULT INSTITUTIONS, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION;<br><br>DANIEL PARAMO, WARDEN OF DONOVAN STATE PRISON,<br><br>        Defendants. | Case No.:   **'19CV0363 CAB JLB**<br><br>**PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A TEMPORARY RESTRAING ORDER AND A PRELIMINARY INJUNCTION.** |

## PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Jose Montalvo, pursuant to Rule 65 of the Federal Rules of Civil

Procedure, moves the Court for entry of a Temporary Restraining Order and Preliminary

Injunction enjoining defendants Diaz, Allison, Paramo and all persons acting on their behalf, from placing/mixing or "merging" Plaintiff with SNY prisoners at Richard J. Donovan Correctional Facility or any other California State Prison Facility, pending entry by the Court of a final judgment in this action.

This motion is based on the following grounds:

1. With this motion for a TRO, Plaintiff filed a Verified Complaint ("complaint") alleging that Defendants herein have ordered and plan to merge Plaintiff who is a GP prisoner with SNY prisoners.

2. Unless enjoined by this Court, Plaintiff will suffer irreparable injury if the merge is allowed to take place. This Court, the 9th Circuit, the U.S. Supreme Court, and Defendants own policies acknowledge the substantial risk of violence and harm that is inherent in placing such prisoners together. The fact that violence has occurred during almost every single attempt to merge such prisoners together, supports such a high probability and substantiates such a serious risk of violence and harm.

3. Plaintiff herein asserts that because the action complained of within his verified complaint is so imminent, immediate and irreparable injury will result to Plaintiff before the Defendants can be heard in opposition to this motion. As such, Plaintiff should not be required to give notice of this motion at this juncture of the litigation.

4. There is a substantial likelihood that Plaintiff will establish at trial that the Defendants in this case are acting with deliberate indifference to Plaintiff's Eighth Amendment right to be free from dangerous conditions and attacks from other inmates. This is supported by the attached Declarations, Exhibits and Memorandum of Law in support of hereto.

5. A Temporary Restraining Order is necessary to preserve the status quo, to prevent the

irreparable injury to the public that such merging of SNY and GP prisoners would cause to the families of such prisoners as declared by the attached Declaration of Kim McGill hereto. Wherefore, granting the requested preliminary relief will serve the public interest. Any harm to Defendant from enjoining the placing/mixing or "merging" of Plaintiff with SNY prisoners is significantly outweighed by the injury threatened to Plaintiff. Defendants sole reason for this "merge" is to "expand incentives to positive programming" (see Exhibit 'B' attached hereto). This merge is not based on any overpopulation, expenses or safety and security concerns and would not alter the status quo that preceded this pending litigation. This Court has authority under its inherent equitable power to grant interim injunctive relief where plaintiffs face either irreparable injury or imminent retaliation.

    Moreover, District Courts have the discretion to waive the posting of bond buy an impoverished plaintiff, especially when doing so would function to bar poor people from obtaining judicial redress. This Emergency Motion is supported by a concurrently filed Memorandum of Law in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and including the attached Declarations of Plaintiff, Ruthie Montalvo and Kim McGill.

    WHEREFORE, Plaintiff prays that the Defendant and all persons acting on its behalf be enjoined from placing/mixing or "merging" Plaintiff with SNY prisoners at the Donovan State Prison, or any other California State Prison Facility, pending entry by the Court of a final judgment in this action.

Dated: <u>February 8, 2019.</u>

                                                                     Respectfully submitted,