Jose Montalvo
CDC No. P60879/B-1 C217
California City Correctional Facility
P.O. Box: 2610
California City, CA 93504

**PLAINTIFF IN PRO SE**

```
FILED
Jul 01 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ JenniferS      DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTALVO,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, CDCR Secretary;<br><br>KATHLEEN ALLISON, CDCR Director;<br><br>ROSEMARY NDOH, CDCR Avenal State Prison Warden; and<br><br>PATRICK COVELLO, RJ Donovan State Prison Warden,<br><br>    Defendants | Case No.: **3:19-cv-00363-CAB-JLB**<br><br>**PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT.**<br><br>**DEMAND FOR JURY TRIAL.** |

This action is brought pursuant to 42 U.S.C. sections 1983 and 1985 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343. The court also has pendent jurisdiction over the state claims pursuant to 28 U.S.C. section 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. sections 2201 and 2202. The unlawful acts, practices and omissions alleged herein, occurred primarily within this judicial district and the majority of the defendants

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT. DEMAND FOR JURY TRIAL. - 1

reside within this district 28 U.S.C. Section 1391 (b). Plaintiff respectfully requests a jury trial on these allegations.

Plaintiff Jose Montalvo is, and was at all times mentioned herein, a prisoner of the State of California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff is currently confined at California City Correctional Facility (CAC).

Defendant Ralph Diaz is the Secretary of CDCR. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Avenal and RJ Donovan state prisons.

Defendant Kathleen Allison is the Director of CDCR. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Avenal and RJ Donovan state prisons.

Defendant Ndoh is the current Warden at Avenal State Prison. She is legally responsible for the operations of Avenal State Prison and for the welfare of all the inmates of that prison.

Defendant Patrick Covello is the current Warden at RJ Donovan State Prison. He is legally responsible for the operations of RJ Donovan State Prison and for the welfare of all the inmates of that prison.

**INTRODUCTION OF THE CASE**

This action arises from the Defendants' actions and inactions which have caused Plaintiff's safety to be jeopardized and further caused him to be injured on the NDPF merged yard at RJ Donovan.

This case was previously screened by this court on March 15, 2019 by the Honorable Cathy Ann Bencivengo in which the Complaint was ordered to be served on the Defendant's, however; Plaintiff's accompanying Motion for a Temporary Restraining Order was denied without prejudice upon finding that Plaintiff never effected service upon the Defendants and that Plaintiff's Declaration in support of the TRO failed to demonstrate that he will suffer immediate and irreparable injury in the absence of injunctive relief (Doc. 3 at pg. 9: 7-28). However, after filing the above Original Complaint, Plaintiff was ultimately injured as a result of the merger and Defendant's deliberate indifference to his safety, wherefore, he now seeks compensatory and punitive damages by way of this First Amended Complaint.

## FACTS

**Facts Pertaining to Plaintiff's Injuries as a Result of the Forced Placement in NDPF and Retaliation for Protected Speech.**

On December 12, 2017, Defendant Allison authored a department memorandum which announced the expansion of the merging of the SNY (Sensitive Needs Yard/previously called Protective Custody) prisoners with the General Population Prisoners in all level 1 and 2 yards. On September 10, 2018, Defendants Diaz and Allison authored a CDCR departmental memorandum which sets forth the schedule for said merging the yards. Said memo states that all such facilities will be merged. On February 7, 2019, Plaintiff was transferred to RJ Donovan State Prison to be merged with SNY prisoners. It has been long understood by both the Courts and CDCR officials that SNY prisoners cannot safely merge with General Population prisoners. Each and every time these merges have taken place intentionally or unintentionally, there has been well documented incidents of violence, primarily as the result of the SNY prisoners

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT. DEMAND FOR JURY TRIAL. - 3

attacking GP prisoners forcefully placed on the yard with them. This planned merge would place Plaintiff at serious risk of harm or injury and in violation of his right to be protected from violence. These Defendants are well aware of and are completely disregarding such an excessive risk to Plaintiff's health and safety.

On 2/8/19, Petitioner arrived at RJ Donovan and was advised by the Captain they did not know why he was transferred there, as there was no available housing for him. He was sent directly to administrative segregation. On 2/11/19, Plaintiff was cleared by the Captain for release to the minimum yard (M yard), level one, which is an NDPF (merged yard populated by SNY prisoners). On this day Plaintiff was approached by three inmates who battered him, and an additional seven to ten more "NDPF" (SNY) prisoners joined in. Plaintiff suffered a broken nose, contusions, abrasions and slices on his face and neck. According to Defendant's version, the attackers were identified as striking him in the head and torso areas; yet, (according to Defendants) the attackers ran back into the building and were unable to be identified. Plaintiff was then placed back in administrative segregation, according to Defendants, "for his own protection". On 2/13/19, Plaintiff was taken back to the minimum yard (M yard), level one, NDPF (merged) yard, where he was just battered 48 hours prior to, which then led to another physical altercation between Plaintiff and a NDPF (SNY) prisoner. Plaintiff was then placed back in administrative segregation. On 2/22/19, Plaintiff was taken to committee and it was at the recommendation of the counselor and captain present that he be transferred to a GP yard, level 2, as he could not safely program on an NDPF yard. The Plaintiff went back to administrative segregation upon completion. On 2/28/19, the Plaintiff was taken to committee again as per CCII, Cortez; there was some part of the transfer that was incomplete. At that time, Defendant Covello asked Plaintiff "what would happen if I put you on E yard (level 2 NDPF

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT. DEMAND FOR JURY TRIAL. - 4

yard)?" Plaintiff responded, "I am a General Population inmate". Defendant Covello then cut the Plaintiff off and snapped and said: "send him, get him out of here". Defendant Covello also asked Plaintiff: "how much time do you got to lose?"; stating: "We have level three and four yards where you'll go next". Plaintiff was then taken back to another NDPF yard at RJ Donavan as placed in the E-yard building. Plaintiff was approached by three inmates and immediately involved in another altercation with an NDPF (SNY) prisoner then jumped by the other two NDPF (SNY) inmates simultaneously. As such, each of these defendants are being sued both in their individual and official capacities.

## CLAIMS FOR RELIEF

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

When these named Defendants, each acting on their own accord, knowingly, and with deliberate indifference, ordered and placed Plaintiff on a SNY/NDPF prison yard as stated above, they violated his Eighth Amendment right to be free from unreasonable assault or injuries.

## CAUSATION

As a direct and proximate result of the aforementioned acts and omissions on the part of Defendants, Plaintiff has suffered and continues to suffer general and special damages in an amount to be proven at trial. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein, Plaintiff has been and will continue to be irreparably injured by the conduct of Defendants unless the court grants the declaratory and injunctive relief which Plaintiff seeks.

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT. DEMAND FOR JURY TRIAL. - 5

## PRAYER FOR RELIEF

A declaratory judgement that the defendants' acts and practices described herein violate plaintiff's rights as herein stated. Issue a Temporary Restraining Order and Preliminary Injunction enjoining the named defendants, their successors in office and employees and all other persons acting in concerts and participation with them, from merging the SNY and GP prisoners together in what they refer to as Non-Designated Programming Facilities; Issue a declaratory judgement stating the Defendants' actions herein violate the Plaintiff's Eight Amendment right to the United States Constitution and constitute deliberate indifference to Plaintiff's health and safety; and a Permanent Injunction prohibiting Defendants, their successors in office and employees and all other persons acting in concert and participant with them, from merging SNY and GP prisoners together.

DAMAGES in the sum of $75,000 compensatory damages from each Defendant and $100,000 in punitive damages from each Defendant. Plaintiff's cost of suit and for reasonable attorney's fees pursuant to 42 U.S.C. section 1983 and any other grounds authorized by law. Trial by jury

For further relief that the court deems just.

## VERIFICATION

I, Jose Montalvo, hereby declare under penalty of perjury that the foregoing is true and correct, executed on June 15, 2019, at California City, California.

_____
Jose Montalvo, Plaintiff in Pro Se

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT. DEMAND FOR JURY TRIAL. - 6

Jose Montalvo #P60879
CAC B 1E217U
Po Box 2610
California City, CA 93504



JUL 0 1 2019

United States District Court
Southern District of California
333 W. Broadway, Ste 420
San Diego, CA 92101

Legal Mail



6/25/2019 — TUESDAY

Legal Mail