UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTALVO,<br>CDCR #P-60879,<br><br>         Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, CDCR Secretary, et al.,<br><br>         Defendants. | Case No.: 3:19-cv-00363-CAB-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS FOR PURPOSES OF U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[ECF No. 9]** |

Jose Montalvo ("Plaintiff"), formerly incarcerated at Avenal State Prison ("ASP"), Richard J. Donovan Correctional Facility ("RJD"), and California City Correctional Facility ("CCCF"), is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.

I. **Procedural Background**

On July 1, 2019, Montalvo filed an Amended Complaint ("FAC") naming the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), another CDCR Director, and the Wardens of both ASP and RJD as Defendants. (*See* FAC, ECF No. 6 at 1-2.) Unlike most prisoners, Montalvo is *not* proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)—he instead prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a), when he first initiated this action on February 21, 2019. (*See* ECF No. 1-2, Receipt No. 109347.)

1

On March 18, 2019, the Court denied Montalvo's Motion for Temporary Restraining Order, and simultaneously screened his original Complaint *sua sponte* as required by 28 U.S.C. § 1915A, finding his Eighth Amendment failure to protect claims sufficient to "meet the low threshold for proceeding past the screening stage." (*See* ECF No. 3 at 6 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)). Therefore, the Court reminded Montalvo of his responsibility to effect timely service upon the Defendants, and directed to Clerk of the Court to issue a summons pursuant to Fed. R. Civ. P. 4(b) so that Montalvo could serve them within 90 days as required by Fed. R. Civ. P. 4(c) and (m). (*See* ECF No. 3 at 2, 12-13; ECF No. 4.)[1] The Court's docket does not reflect that Montalvo managed to serve anyone; however, he did file a Notice of Change of Address on April 5, 2019, after he was transferred from RJD to CCCF. (*See* ECF No. 5.)

On July 1, 2019, Montalvo filed a FAC as a matter of course pursuant to Fed. R. Civ. P. 15(a) (ECF No. 6). *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007-08 (9th Cir. 2015) ("[A] plaintiff had the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B))."). His FAC re-names Defendants Diaz and Allison, adds RJD Warden Patrick Covello and ASP Warden Rosemary Ndoh, and omits RJD's former Warden,

---

[1] The Court tolled Rule 4(m)'s 90-day clock while it conducted its initial screening pursuant to 28 U.S.C. § 1915A. (*See* ECF No. 3 at 13 n.2 (citing *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't,* 91 F.3d 451, 459 (3d Cir. 1996).).

Daniel Paramo as parties.[2] *See* ECF No. 6 at 1, 2. Therefore, on July 2, 2019, the Clerk issued a summons as to Montalvo's FAC as required by Fed. R. Civ. P. 4(b). (*See* ECF No. 7.) No proof of service had yet to be filed. *See* Fed. R. Civ. P. 4(*l*) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). But on August 19, 2019, Montalvo filed a Motion to Proceed IFP (ECF No. 9), followed by yet another Notice of Change of Address—this time indicating he has been released by CDCR custody (ECF No. 10).

## II. Motion to Proceed *In Forma Pauperis*

Because Montalvo's IFP Motion indicates he had only $.11 on account at CCCF at the time of filing, and he has already paid the civil filing required to commence this action, but has yet to serve any Defendant, the Court construes Montalvo's Motion as one seeking IFP status for purposes of U.S. Marshal service only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

Although Montalvo paid the initial $400 civil and administrative filing fee when he first commenced this action, he may still be eligible to proceed IFP. As a practical matter, a request to proceed IFP is almost always filed at the onset of the case. *See* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement,

---

[2] Because Montalvo's FAC supersedes his original Complaint, and it fails to name RJD's former Warden, Daniel Paramo as a party, any claims as to Paramo are considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor,...."). But it need not necessarily be filed at any particular time, and may be initiated at any stage of a proceeding, since a person who is not an indigent when he first files a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds that Montalvo's Motion to Proceed IFP, when considered in light of his pro se and formerly incarcerated status, is sufficient to demonstrate that since the commencement of this action, he has become financially unable to execute service upon the Defendants on his own behalf and to timely pursue the prosecution of his case. Indeed, had he filed a Motion to IFP pursuant to 28 U.S.C. § 1915(a) at the onset, the Court would have automatically directed the U.S. Marshal to effect service upon his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

## III. Conclusion and Orders

Good cause having been shown pursuant to Fed. R. Civ. P. 4(m), the Court now:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 9) pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) for purposes of U.S. Marshal service only.

2) **DIRECTS** the Clerk to re-issue a summons as to Plaintiff's Amended Complaint (ECF No. 6) upon Defendants RALPH DIAZ, KATHLEEN ALLISON, ROSEMARY NDOH, and PATRICK COVELLO and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, another certified copy of his Amended Complaint, and the re-issued summons so that he may serve them upon these four named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his

| | |
|---|---|
| 1 | IFP package, **no later than October 7, 2019**. |
| 2 | 3) **ORDERS** the U.S. Marshal or deputy marshal to serve a copy of the |
| 3 | Amended Complaint and summons upon Defendants RALPH DIAZ, KATHLEEN |
| 4 | ALLISON, ROSEMARY NDOH, and PATRICK COVELLO as directed by Plaintiff on |
| 5 | the USM Form 285s provided to him **within 15 days of receiving them from Plaintiff**, |
| 6 | **but in no case later than November 4, 2019**. The U.S. Marshal or deputy marshal must |
| 7 | immediately thereafter file proof of that service, or proof of his or her inability to execute |
| 8 | service, with the Clerk of the Court. All costs of that service will be advanced by the |
| 9 | United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). |
| 10 | 4) **ORDERS** Defendants RALPH DIAZ, KATHLEEN ALLISON, |
| 11 | ROSEMARY NDOH, and PATRICK COVELLO, once served, to reply to Plaintiff's |
| 12 | Amended Complaint within the time provided by the applicable provisions of Federal |
| 13 | Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may |
| 14 | occasionally be permitted to "waive the right to reply to any action brought by a prisoner |
| 15 | confined in any jail, prison, or other correctional facility under section 1983," once the |
| 16 | Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, |
| 17 | has made a preliminary determination based on the face on the pleading alone that |
| 18 | Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required |
| 19 | to respond). |
| 20 | 5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to |
| 21 | serve upon Defendants RALPH DIAZ, KATHLEEN ALLISON, ROSEMARY NDOH, |
| 22 | and PATRICK COVELLO, or, if appearance has been entered by counsel, upon |
| 23 | Defendants' counsel, a copy of every further pleading, motion, or other document |
| 24 | submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must |
| 25 | include with every original document he seeks to file with the Clerk of the Court, a |
| 26 | certificate stating the manner in which a true and correct copy of that document has been |
| 27 | was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. |
| 28 | CivLR 5.2. Any document received by the Court which has not been properly filed with |

the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

6) **DIRECTS** the Clerk of the Court to terminate DANIEL PARAMO as a party to this action.

**IT IS SO ORDERED**.

Dated: September 6, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge