UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTALVO, CDCR #P-60879,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, CDCR Secretary, et al.,<br><br>Defendant. | Case No.: 19cv363-CAB-JLB<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

This matter comes before the Court following a review of the docket. Jose Montalvo ("Plaintiff"), formerly incarcerated at Avenal State Prison ("ASP"), Richard J. Donovan Correctional Facility ("RJD"), and California City Correctional Facility ("CCCF"), is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.

**I. Procedural Background**

On July 1, 2019, Montalvo filed an Amended Complaint ("FAC") naming the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), another CDCR Director, and the Wardens of both ASP and RJD as Defendants. [ Doc. No. 6 at 1-2.] Unlike most prisoners, Montalvo was *not* proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)—he instead prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a), when he first initiated this action on February 21, 2019. [Doc. No. 1-2, Receipt No. 109347.]

On March 18, 2019, the Court denied Montalvo's Motion for Temporary Restraining Order, and simultaneously screened his original Complaint *sua sponte* as required by 28 U.S.C. § 1915A, finding his Eighth Amendment failure to protect claims sufficient to "meet the low threshold for proceeding past the screening stage." [Doc. No. 3 at 6 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)]. Therefore, the Court reminded Montalvo of his responsibility to effect timely service upon the Defendants, and directed to Clerk of the Court to issue a summons pursuant to Fed. R. Civ. P. 4(b) so that Montalvo could serve them within 90 days as required by Fed. R. Civ. P. 4(c) and (m). [Doc. No. 3 at 2, 12-13; Doc. No. 4.] The Court's docket does not reflect that Montalvo managed to serve anyone; however, he did file a Notice of Change of Address on April 5, 2019, after he was transferred from RJD to CCCF. [Doc. No. 5.]

On July 1, 2019, Montalvo filed a FAC as a matter of course pursuant to Fed. R. Civ. P. 15(a) [Doc. No. 6.] *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007-08 (9th Cir. 2015) ("[A] plaintiff had the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B))."). His FAC re-names Defendants Diaz and Allison, adds RJD Warden Patrick Covello and ASP Warden Rosemary Ndoh, and omits RJD's former Warden, Daniel Paramo as parties.[1] [Doc. No. 6 at 1, 2.] Therefore, on July 2, 2019, the Clerk issued a summons as to Montalvo's FAC as required by Fed. R. Civ. P. 4(b). [Doc. No. 7.] No proof of service had yet to be filed. *See* Fed. R. Civ. P. 4(*l*) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). But on August 19, 2019, Montalvo filed a Motion to Proceed IFP [Doc. No. 9], followed by yet another

---

[1] Because Montalvo's FAC supersedes his original Complaint, and it fails to name RJD's former Warden, Daniel Paramo as a party, any claims as to Paramo are considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

Notice of Change of Address—this time indicating he has been released by CDCR custody [Doc. No. 10].

On September 6, 2019, this Court granted Plaintiff's motion to proceed IFP, and directed the clerk to re-issue a summons as to Plaintiff's Amended Complaint upon Defendants Ralph Diaz, Kathleen Allison, Rosemary Ndoh, and Patrick Covello, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. [Doc. No. 11 at 4.] The Court also ordered the U.S. Marshal to serve a copy of the Amended Complaint and summons upon those Defendants as directed by Plaintiff on the Form 285s no later than November 4, 2019. [Doc. No. 11 at 5.]

**II. Order to Show Cause.**

To date, no proof of service has been filed indicating that any of the defendants have been served. Rule 4(m) of the Federal Rules of Civil Procedure provides that an action be dismissed as to all named defendants not served with the summons and complaint within 90 days of the filing date, absent a showing of good cause why such service was not made.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, on or before **December 13, 2019**, why this matter should not be dismissed for failure to prosecute. Failure to timely respond to this order will result in dismissal of this lawsuit.

Dated: November 13, 2019

Hon. Cathy Ann Bencivengo
United States District Judge