XAVIER BECERRA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
State Bar No. 168079
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9561
  Fax:  (619) 645-2581
  E-mail:  Michelle.DesJardins@doj.ca.gov
*Attorneys for Defendants
Rosemary Ndoh, Patrick Covello, Ralph
Diaz, and Kathleen Allison*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE MONTALVO,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 3:19-cv-00363 CAB JLB<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date:      Submitted<br>Time:      Submitted<br>Courtroom: 5140<br>Suite:      The Honorable Jill L. Burkhardt |

## INTRODUCTION

The Court should grant Defendants' Motion to Dismiss because Plaintiff fails to state a claim against any Defendant, and they are entitled to qualified immunity based on the facts alleged. The Eighth Amendment deliberate indifference claims rest solely on Plaintiff's conclusory allegation that general population inmates cannot be safely housed with inmates designated sensitive needs. This is insufficient to state a claim under the Eighth Amendment. Plaintiff, who is not a sensitive needs inmate, failed to allege any facts in his Amended Complaint

1

showing Defendants were aware of and disregarded a serious risk of harm Plaintiff might face if housed with sensitive needs inmates. Plaintiff attempts to remedy this by relying on a declaration submitted in support of his Opposition. This is improper, and the Court must disregard facts not alleged in the Amended Complaint for purposes of ruling on the Motion to Dismiss.

## LEGAL ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST AVENAL WARDEN NDOH.

Plaintiff concedes that he fails to allege any facts demonstrating that Avenal Warden Ndoh violated his rights. The Court should therefore dismiss the Amended Complaint against her.

### II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS DIAZ, ALLISON, AND COVELLO.

Concerning Defendants Diaz, Allison, and Covello, Plaintiff argues in his Opposition that the courts "have long recognized" that placing sensitive needs inmates together with general population inmates constitutes deliberate indifference. (Opp'n, ECF No. 23, 1-2.) He cites several cases that he contends support this argument. *See Byerly v. Deputy Warden*, 246 Fed. Appx. 512 (9th Cir. 2007); *Glick v. Walker,* 272 Fed. Appx. 514 (7th Cir. 2008); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Hearns v. Terhune*, 413 F.3d 1036, 1040-41 (9th Cir. 2005). But none of the cases Plaintiff cites stand for that broad proposition. Rather, they apply the deliberate indifference standard set forth in *Farmer v. Brennan*, 511 U.S. 825, 933 (1994) to the specific facts of the case.[1] *See Byerly v. Deputy Warden*, 246 Fed. Appx. at 514 (quoting *Farmer*, 511 U.S. at 833) ("'the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that

---

[1] *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) discusses the constitutional rights of civil detainees, not the deliberate indifference standard that applies to convicted inmates.

2

inference.'"; *Hearns v. Terhune*, 413 F.3d 1036, 1040-41 (9th Cir. 2005) (analyzing whether facts showed officials were aware of yet disregarded danger specific inmates posed to plaintiff inmate); *Robinson v. Prunty*, 249 F.3d 862, 866-67 (9th Cir. 2001) (finding that gladiator-like scenario plaintiff painted "in which prison guards are aware that placing inmates of difference races in the yard at the same time presents a serious risk of violent outbreaks," combined with prison officials' jokes acknowledging the threat but failing to intervene could demonstrate deliberate indifference).

And as Defendants pointed out in the Motion to Dismiss, Plaintiff failed to allege facts from which it could be drawn that housing Plaintiff in a level-one minimum-security yard with level-one sensitive needs inmates posed a substantial threat of serious harm to him. Other than to broadly claim that it has long been recognized that to do so constitutes deliberate indifference, Plaintiff alleged no facts to demonstrate this is so or that he had enemies or other safety concerns in the minimum security yard that Defendants ignored.

And as shown in the December 12, 2017 memo, on which the Amended Complaint relies, Defendants were not deliberately indifferent to any potential danger posed by the integration policy. (Ex. 1 to Mot. to Dismiss, ECF No. 18, 25-27.) This memo states that inmates who had shown they were willing to program and forego violence were placed in the integrated yards and were advised of the programming expectations. (*Id.* at p. 25.) Those inmates not willing to program and forego violence were subject to discipline and placement in higher-security-level housing. (*Id.* at p. 26.) Thus, the policy of housing such low-level general population and sensitive needs inmates together did not violate the Eighth Amendment.

Nor do the allegations show that Warden Covello was deliberately indifferent to Plaintiff's safety. After altercations on the minimum-security yard, Plaintiff came before Warden Covello at "committee" to discuss changing his housing.

(Am. Compl., ECF No. 6, 4.) Warden Covello asked Plaintiff what he thought would happen if Plaintiff was moved to the E yard – a level 2 integrated yard – to which Plaintiff voiced no safety concerns, only that he was a general population inmate. (*Id.* at pp. 4-5.) Warden Covello then sent Plaintiff to this higher-level yard after advising him that his failure to program could result in his placement in higher-level housing and possible credit loss. (*Id.* at p. 5.) Thus, the Amended Complaint alleges no facts showing that Defendants were aware of a significant risk to Plaintiff's safety and disregarded that risk.

Plaintiff also fails to establish that Defendants should be denied qualified immunity. To defeat qualified immunity, Plaintiff must show both that Defendants violated a federal or constitutional right and that the unlawfulness of their conduct was clearly established at the time. *District of Columbia v. Wesby*, ___U.S.___ 138 S. Ct. 577, 589 (2018). As discussed earlier, Plaintiff failed to show Defendants violated the Eighth Amendment. He also failed to show it was clearly established that integrating low-security-level sensitive needs inmates and general population inmates in a minimum-security level yard violated the Eighth Amendment. To successfully rebut an affirmative defense of qualified immunity, "a plaintiff must show that the officer's conduct was so egregious that any reasonable person would have recognized a constitutional violation." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). And "liability will not attach unless there exists 'a case where an officer acting under similar circumstances . . . was held to have violated [the constitutional provision].'" *White v. Pauly*, ___ U.S.___, 137 S. Ct. 548, 552 (2017) (per curiam) None of the cases Plaintiff cites establishes that it was per se unconstitutional to house him in a minimum-security-level facility with sensitive needs and general population inmates. Thus, Defendants are entitled to qualified immunity.

Plaintiff offers a Declaration of Ruthie Montalvo to provide facts not alleged in the Amended Complaint. (ECF No. 23, 9-21.) But new allegations contained in

4

1  an opposition are irrelevant for Rule 12(b)(6) purposes and may not be considered
2  in ruling on a motion to dismiss. *Schneider v. California Dep't of Corrections*, 151
3  F.3d 1194, 1197 (9th Cir. 1998). "In determining the propriety of a Rule 12(b)(6)
4  dismissal, a court may not look beyond the complaint to a plaintiff's moving papers,
5  such as a memorandum in opposition to a defendant's motion to dismiss." *Id*.

6  Plaintiff appears to believe he may include these new facts because of
7  Defendants' reliance on the December 12, 2017 memorandum that Plaintiff
8  referenced in the Amended Complaint. (Opp'n, ECF No. 23, 6.) Plaintiff argues
9  that reliance on this memorandum would convert Defendants' motion to a motion
10 for summary judgment. (*Id.*) But under the "incorporation by reference doctrine,"
11 the Court may consider on a motion to dismiss "documents whose contents are
12 alleged in the complaint and whose authenticity no party questions, but which are
13 not physically attached to [the plaintiff's] pleadings." *Knievel v. ESPN*, 393 F.3d
14 1068, 1076 (9th Cir. 2005). The Court "may treat such a document as part of the
15 complaint, and thus may assume that its contents are true for purposes of a motion
16 to dismiss under Rule 12(b)(6). *United States v. Ritchie*, 342 F.3d 903, 908 (9th
17 Cir. 2003). Plaintiff does not question the authenticity of the December 12, 2017
18 memorandum or its contents. Thus, the Court may consider it without converting
19 the Motion to Dismiss into a motion for summary judgment, but must disregard
20 Plaintiff's new factual allegations raised in his opposition.

21 **III. THE COURT SHOULD DISMISS THE CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF AND THE CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**
22

23 Plaintiff concedes that the request for injunctive and declaratory relief is moot
24 because he has been released from prison. (Opp'n, ECF No. 23, 7.) Because the
25 only remaining official capacity claims against Defendants would be for damages,
26 the Court should dismiss them as well because they are barred by the Eleventh
27 Amendment.
28

**CONCLUSION**

The Court should dismiss the Amended Complaint because it fails to allege facts showing Defendants were deliberately indifferent to Plaintiff's safety.

Dated: March 6, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

*s/ Michelle Des Jardins*
MICHELLE DES JARDINS
Supervising Deputy Attorney General
*Attorneys for Defendants Rosemary Ndoh, Patrick Covello, Ralph Diaz, and Kathleen Allison*

SA2019102329
72180439.docx

# CERTIFICATE OF SERVICE

Case Name:   **Jose Montalvo v. Diaz, et al.**     Case No.   **3:19-cv-00363 CAB JLB**

I hereby certify that on **March 6, 2020**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## REPLY TO OPPOSITION TO MOTION TO DISMISS

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **March 6, 2020**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jose M. Montalvo Jr.
P60879
2410 Herndon Avenue #104
Clovis, CA 93611-8956

*Plaintiff In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 6, 2020**, at San Diego, California.

| C. Bashaw | |
|---|---|
| Declarant | Signature |

SA2019102329
72190616.docx